UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT BROOKS,

    Plaintiff,

v.

    Case No. 1:19-cv-960

    Hon. Hala Y. Jarbou

JOAN E. ROGERS,

    Defendant.
_____/

## ORDER

This is a prisoner civil rights action under 42 U.S.C. § 1983. Plaintiff objects to the magistrate judge's Report and Recommendation (R&R), which recommends granting Defendant's motion for summary judgment and denying Plaintiff's motion for preliminary injunctive relief. (R&R, ECF No. 26.) Before the Court are Plaintiff's objections to the R&R. (*See* Objections, ECF No. 30.)

Under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court must conduct de novo review of those portions of the R&R to which objections have been made. Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Plaintiff's claim arises from his contention that Defendant was deliberately indifferent to his need for treatment of his Crohn's disease. Defendant approved Plaintiff for a "low residue diet" in 2017 and continued that course of treatment over the next several years after reviewing

Plaintiff's medical records and monitoring his condition. (*See* R&R 4-7.) A gastroenterologist ostensibly recommended a more individualized diet in December 2018 and February 2019, after Plaintiff complained about gastrointestinal pain and upset, but Plaintiff had eaten foods outside his diet and he also had a history of pancreatitis, so Defendant could not confirm that the low residue diet was the source of Plaintiff's problems. Accordingly, Defendant continued Plaintiff on the low residue diet instead of the more individualized diet that Plaintiff would have preferred.

Objection 1

Plaintiff takes issue with the R&R's statement that he was "hospitalized seven times for flare-ups" since his return to the MDOC in December 2016, and that his "symptoms during these hospitalizations did not always suggest a flare-up of his Crohn's Disease." (R&R 2.) Plaintiff contends that he was hospitalized "over 13 times" since returning to the MDOC, and that his flare-ups could have been misinterpreted by his physicians as pancreatitis. (Objections 1.) Plaintiff believes that the magistrate judge improperly decided disputed issues of fact, but the facts at issue here are not material. The precise number of hospitalizations (seven or thirteen), many of which occurred outside the time period when Defendant was treating Plaintiff, has no bearing on Plaintiff's claim against Defendant.

Likewise, Plaintiff's contention that other physicians may have misdiagnosed Plaintiff's symptoms as pancreatitis rather than flare-ups of his Crohn's disease has no bearing on whether Defendant was deliberately indifferent to his medical needs. If anything, those alleged misdiagnoses weaken Plaintiff's claim against Defendant. They suggest that, to the extent she believed Plaintiff's ongoing symptoms were attributable to his pancreatitis, she was not alone in her belief. Moreover, even if she was wrong in that belief, she was not deliberately indifferent to Plaintiff's medical needs. Misdiagnosis does not equate to deliberate indifference.

Objection 2

Plaintiff contends that the R&R erred when stating that a medical provider must approve a therapeutic diet, and that approval from Health Care Services is necessary for an individualized therapeutic diet. In other words, Defendant could order the low residue, therapeutic diet for Plaintiff, but she would have needed further approval for a more individualized diet.

Plaintiff claims that exhibits to his response demonstrate that approval by a medical provider and Health Care Services was not necessary for an individualized diet. However, those exhibits are affidavits from other prisoners stating that Defendant put them on a therapeutic diet without seeking approval from a medical provider. (*See* ECF No. 24-1.) They do not demonstrate that approval from Health Care Services was unnecessary for *individualized* diets. And, in any case, the affidavits provide no foundation for their assertions that such approval was not necessary.

In addition, contrary to Plaintiff's assertion in his objections, he did not provide evidence in response to the motion for summary judgment demonstrating that he had previously received an individualized, low residue, vegetarian diet from 2013 to 2015 at a different facility, during which he suffered no flare-ups or pain. And even if that were the case, there is no evidence that Defendant was aware of that history.

Objection 3

Plaintiff objects to the relevance of Defendant's review of Plaintiff's medical records in 2019, which showed that Plaintiff had purchased "hot sauce, buffalo wings, hot sausage, BBQ sauce, and fireball candy," contrary to the recommendations of his gastroenterologist. (R&R 6.) These records gave Defendant additional reason to believe that the low residue diet was not the cause of Plaintiff's symptoms. Plaintiff now contends that he never ate these items himself; he purchased them for other prisoners. Regardless, the records were relevant because they provided

3

Defendant with a *subjectively* reasonable basis for concluding that Plaintiff was not following his diet and that his symptoms at the time were not the result of the low residue diet.

Objection 4

Plaintiff argues that the R&R applied the wrong subjective standard for deliberate indifference. To the contrary, the R&R correctly quoted *Miller v. Calhoun Cnty.*, 408 F.3d 803, 813 (6th Cir. 2005) and *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) for that standard.

Objection 5

Finally, Plaintiff objects to the R&R's observation that Dr. Stojanovic's recommendations regarding Plaintiff's diet (e.g., Plaintiff should "avoid onions and green peppers and all of his vegetables should be well cooked" (ECF No. 19-1, PageID.90)) were based on assessment of Plaintiff's self-reported symptoms rather than on medical reports or tests. (R&R 13.) Plaintiff disagrees, contending that Dr. Stojanovic also reviewed Plaintiff's medical record. Plaintiff provides a personal affidavit purporting to support the scope of Dr. Stojanovic's review; however, the issue is what was known to Defendant when she made her treating decisions. Defendant possessed the treatment record indicating that Dr. Stojanovic relied on Plaintiff's self-reported symptoms when making recommendations about Plaintiff's diet. Defendant did not possess Plaintiff's affidavit. Moreover, even if Plaintiff is correct about the scope of Dr. Stojanovic's review and the basis for his diet recommendation, Plaintiff's claim would still boil down to a disagreement between two healthcare providers regarding the appropriate treatment for Plaintiff's condition. Thus, for all the reasons provided in the R&R, no reasonable jury could conclude that Defendant was deliberately indifferent to Plaintiff's medical needs.

Accordingly,

**IT IS ORDERED** that Plaintiff's objections (ECF No. 30) are **DENIED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 26) is **APPROVED AND ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a preliminary injunction (ECF No. 17) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 22) is **GRANTED**.

**IT IS FURTHER ORDERED** that, should Plaintiff appeal the judgment, the Court does not certify that an appeal would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).

A judgment will enter consistent with this order.

Dated:   March 16, 2021                                 /s/ Hala Y. Jarbou
                                                                        HALA Y. JARBOU
                                                                        UNITED STATES DISTRICT JUDGE